Please all rise. Hear ye, hear ye, hear ye. This Honorable Appellate Court, where the section of the judicial district is now back in session, pursuant to adjournment. The Honorable Citizen F. Hutchinson presides.  From this case on docket 2-15-0594, people of the state of Illinois County, the James R. Henson family. The Honorable Appellate Attorney General is Anne M. Fitt. The Honorable Appellate Attorney General is Victoria E. Fitt. Before we begin, I'm sure everybody has noticed that there is a seat in the middle that is empty. Justice Hudson is in the building, but he is on an important call. He will have the opportunity to review the tape and talk with us about any issues that he has from the argument. But he has asked that we start without him, and he may actually appear during the course of the argument. So we do want to go forward. Since we've already asked you to change the time anyhow, we thought we'd better proceed. So, Ms. Fitt, you may proceed. Ms. Fitt, I appreciate the fact that you came up, but from now on, I just want to sit. Everybody sit please. Thank you. We'll take that into account. And thank you, Ms. Farrell, for making the, you would have been sort of confused with the last one. Now, having electric filing, we don't always have briefs up here, so we have to bring our own, and they're not real identifiable when they're in, et cetera. Now, all right, Ms. Fitt, you may proceed. Thank you. Good morning, Your Honors. My name is Anne Fitt. I'm from the Office of the State Appellate Defender, and I represent the appellant defendant, Mr. James Henson. In his brief, Mr. Henson raised three issues, the first being the tendering of a jury instruction for a lesser-included offense, the second being a crinkle inquiry issue, and the third being fines. I intend to focus this argument on the jury instruction because it's dispositive of this case, and if you should find in favor of Mr. Henson, then there's no need to reach the second issue. It's the fines that have been agreed by the state that fines are to be credited to Mr. Henson. Mr. Henson here was convicted of two counts of burglary and one count of possession of burglary tools. The judge, however, improperly refused to tender the jury instruction, the lesser-included offense, of theft. Now, the state has conceded that the judge did use the wrong analysis in reaching that decision. The state has also conceded that theft in this case is, in fact, a lesser-included offense. So the issue remaining is whether, according to the evidence, a rational jury could have acquitted him on the greater offense and convicted him on the lesser. In reference to many of the cases where this has happened, it seems a clearer line. How could it have happened here that they did not find him guilty of the burglary but might have found him guilty of the theft? How could that have happened? Yes. First of all, the evidence here, because only slight evidence is needed to be found to have the instruction tendered for the lesser offense, that far exceeds the minimum, the very low threshold. Mr. Henson was found with the objects that were ID'd as being belonging to MJ Electric. He was serving them. He was not given permission to possess the items, and he stated that he was going to recycle them, going to the intent to permanently deprive. So he more than meets the requirements for theft. As to the burglary, there is nothing that truly connects my client to the entry that occurred in this case, which is the main issue and dispute here. He was found at least a thousand feet away from where the burglary occurred, and there were certain items that he was found with. Nothing else connects him to that he was the one who actually entered and went in there. So based on that, but also based on the fact that there were no witnesses, a rational jury could have found that he was not guilty of the greater offense. Didn't he tell one of the officers or wasn't there some communication that some of these materials were given to him by somebody from another job, something he was working in Elgin? But it didn't in any way relate to MJ Electric, did it? The police stated at the trial that they were told this by my client. My client maintained that these were items he came upon, whether he had been given them by someone or not. I think the issue that's important here is just whether, based on what we have, whether or not they were given to him or he came upon them by chance, a rational jury could have convicted him of theft and acquitted him of the lesser offense. And the fact that, well, I know there's some issue that he did not smell like gasoline, although there was some gasoline somewhere. There was not a lot of gravel on his shoes. His shoes were all muddy. Yeah, there was none. In fact, the lot is all gravel, as I understand it. Yes. And I'm surprised that the bike path was all muddy. But, I mean, is he saying he got muddy there or we don't know where he got muddy or we don't know what he was doing, how he got muddy? I don't know exactly how he got muddy, but he had been at the bike path, so if the bike path was muddy, it could be inferred that that's where he got the mud from. Additionally, there were no bike tracks that were found anywhere near the entry to this construction lot. And he didn't testify, right? Correct. Now, the state cites a case that stands for the premise that this is actually a separate crime. I'd like to point out that the case cited in my reply brief, people leave Burris, is far more analogous and should be instructed here. In Burris, the defendant was found behind a store that had just been broken into, collecting coins and pocketing them. A cash register from the store was found nearby. He was even more closely tied to the actual location of the burglary than was Mr. Henson. Yet, the court still issued a lesser-included offense instruction on theft. Chandler, on the other hand, is poorly reasoned. If Chandler is followed to its logical end, that would mean that a theft could only be found during the process of the burglary. And theft has been found to be a lesser-included offense. It just does not make sense in that context. And it goes against the reason that lesser-included offenses exist, which is to give the jury the important third option. And also to prevent unjust convictions where the jury may have thought, well, he's guilty possibly of some crime. I guess we'll have to do it, you know, convict him on this other crime. But had they had this instruction on theft, the results could have been far different. In the Burris case, there were no alleged co-defendants, were there? No. But the Chandler case had a co-defendant. The Chandler case had at least one co-defendant. The defendant, Mr. Chandler, confessed to being there. He was ID'd by witnesses. So it's far different from what we're dealing with in this case. Did he actually go into the store, or was he sort of a lookout, Mr. Chandler? Go into the church? Was it a church? Yeah. And then later they sold oranges to the store. That was it. Right. I knew there was a store. I believe that he said he did. And, in fact, there was blood found inside the church, and there was blood found on him later. So the facts there really aren't instructed here. Because of all of this evidence, because we are looking at what a rational jury would do, we request that this case be remanded and reversed for a new trial, because it is quite possible, according to what we've talked about, that the jury could have convicted him on a lesser offensive theft and acquitted him on greater perjury. Now, the state dismissed the theft charge sometime before trial, correct? Yes. Because he had been charged. Right. What charge did they use? I mean, was that part of their argument when they were discussing this with Judge Graham? As far as they dismissed it so it shouldn't have been given? Right. Your Honor, not that I recall from my reading of it. The discussion at the jury instructions really focused on the other cases that applied the abstract elements test as opposed to the charging instruments test. So if there are no other questions, Your Honors, then I ask that this case be remanded and the conviction to be reversed for a new trial. Thank you. Thank you. Ms. Joseph. Good morning, Your Honors. May it please the court, counsel. I'm Victoria Joseph, and I am representing the people of the state of Illinois. Defense counsel correctly points out that the trial court used the wrong analysis in this case. It is well settled that when you have an uncharged offense, it should be the charging instrument approach. The fact that in the abstract a theft can be a lesser included offense of burglary is also true. However, this does not complete the analysis. There is one final step that must be taken. And that is looking at the evidence seduced to trial. The people maintain that Chandler is the better reasoned case. Two of the judges who were on the Burr's case were also on the Chandler case. Chandler came out following Burr's. And the Burr's issue mainly dealt with the fact that there had been, it was a re-decision as they had used, it sounds like they had also used the wrong approach in their previous determination and were asked under a supervisory order to consider it under NOVAC, which would be the charging instrument approach. The reasoning was left to about one paragraph of the Burr's decision that basically stopped at the first part of the analysis that under the charging instrument approach, theft would be the lesser included offense. The analysis of the evidence was very scant, which is why the people maintain the court went further in the Chandler case to then address the evidence. Where the evidence here, how the defense was asking for the instruction was based on a concluded burglary and a separate offense. On page 519 of the report of proceedings, defense counsel states, the defendant readily admits he was in possession of the property. He was found with it, but he's always contested. We have contested the fact he broke into the clothes. A rational jury in this case could reasonably find that someone else cut the fence, went into the trucks, brought the material out, and at some point transported it and where his client found it. Then at the conclusion of his argument on page 522, he did not commit a burglary. He did not commit anything. But if the jury wants to find he did something, they could find that he should have known the items he found were stolen. So first off, the instruction he was asking for was theft under subsection A1, which is obtaining or observing authorized control of the property. What he's actually arguing is that the defendant should have known it was stolen and then obtained control over a stolen property he should have known about, which would be under A4. The argument he made was that the burglary was already concluded by the time he allegedly committed a theft of this material or possessed the material. Well, wouldn't that be a reasonable assumption since the police, I think, looked for someone else or generally perused the area to see if anybody else was there, but nobody was there. And nobody else was there other than the woman who heard the noises, initially heard the noises. Nobody else was there. They found the hole in the fence. They found defendant in possession of burglary tools, which the jury found he did indeed possess. The defense counsel indicates that under Chandler's reasoning, theft can only be found during a process of burglary. Well, that's precisely what the Hamilton case was, where defendant went into the home and claimed that he was there to collect money and developed the intent once he was already in the home. So during the commission rather than at the time of entry is when that was there. So that is exactly the Hamilton case. The Byrds and Chandler cases do discuss this completed separate crime, as does this court in Rivera. And the rationale is that when the defendant, the rationale that the jury should have some third option available does not apply when the defendant seeks an instruction for an offense, an uncharged offense of conduct that is incidental to that which he has charged. Here, what he's asking for is for conduct incidental to what is charged, because the burglary was done. He was even saying he came across it at a completely different time. And he's asking for an instruction based on a different act. And this is where it is not an included offense of the burglary. And therefore, the trial judge did not err as far as not giving the instruction, even though he applied the incorrect approach. And as this court has found in cases such as Rebecca, even when the wrong approach is used, it can still be determined that it is not reversible error when the evidence would not support the instruction. And here where the uncharged offense was for a conduct that was separate and distinct, he was not entitled to the instruction. The burglary was charged as entry with the intent to commit a theft. Is that correct? That is correct. Which is why under the charging instrument approach, in the abstract it would be found to have been a lesser included offense. Does the court have any? I do. I'm just trying to fashion the question. The fact that counsel argued there should be another option, though, and I think that's the summary of what you read here, is consistent with Ms. Fick's position that the evidence does not have to be overwhelming of this offense. It has to be, it has to exist. And there are lots of cases on what that really means. But there is evidence in this case. Yes, slight evidence is sufficient. And so are you saying that that slight evidence has to somehow, in order for this to be a proper consideration, that slight evidence has to in some way implicate the actual burglary that occurred? That it should, that it is appropriate when it is part of the charged offense. It is not appropriate when it is a separate offense. That is what the people are maintaining. Even if he, if you believe him, fortuitously came upon this and knew, you know, could see the MJ electric trucks across the street, because there's no impediment there other than a street. I'm familiar with this particular location. My dry cleaners is at the end of the block, and so I go by there on a regular basis. You can see that lot. It's, you know, the buckets say MJ electric. I mean, I suppose he could have gone down to the police station and said, look what I found. But that's not likely to have occurred. So I guess I'm just not sure why counsel's argument has created this problem. Because that's your, it's, you know, this is a totally separate offense. I guess I'm confused. But I'll let you try one more stab at it, and then if Justice Fentz doesn't have any other questions, we'll let Ms. Skip respond. So defense counsel wasn't very articulate. Let's start with that for us. Looking at the Rivera case, and I know this is a, more of a stretch of a hypothetical, but they discussed the hypothetical that where a defendant is accused of murder and tries to use an alibi that I'm committing an offense across town, so I couldn't have committed the murder, that the instruction would not be appropriate in this case. That is almost what the defendant is doing in this case. He's saying I wasn't there to commit the burglary. I was riding my bike, whatever, after dark. I came upon these, and I only possessed these items that I found, or these items that, and the evidence to police was I possessed the evidence, or these items that somebody else gave me. But he was saying that the reason he stopped there is because he knew that he was on this path after dark, and that was a crime. That was. And he did not want to get arrested for that crime. And instead he came upon these items and was arrested for this crime. And so it has to be directly related to the burglary. It can't be related to any other crime. That's your position? That would be our position. And the Rivera case goes on to discuss the fact that the defendant, it was an arson case for the arson of a home. The defendant admitted he poured gasoline over the garage, and that was considered a separate offense from the arson to the home. So he was not given the instruction. It was not improper because that was not, that was a separate and distinct offense, and that the people maintain that this was a separate and distinct offense from the burglary. So is this a question of law, or is this a question of the trial court's discretion to give this particular instruction? When we get to whether the evidence is sufficient to support the instruction, that is a question of fact for which the trial judge's discretion comes into play. As to whether the lesser-included offense under the charging, the correct approach, that is a question of law. So that determination was, as we conceded, was error. But it is, as this is a question of fact, it becomes discretionary. Okay, Justice Spencer. Are there any questions about the clinical issue? Go ahead. The people ask that you affirm the defendant's conviction. Thank you. Ms. Blake. With regard to the last question you asked as far as the standard of review here, the standard of review typically in this situation is an abuse of discretion. But I would just remind the court that the judge used the wrong premise to begin with. So deferring to that discretion does not seem applicable in this case. Second, with regard to the Rivera case, that defendant, again, it was similar to Chandler in that there were several defendants. This defendant apparently poured gasoline on an additional structure. The court also found that there was no damage to that structure. So there was no way that he could have also been charged with that offense in the first place. Rivera says that the third option reasoning which we discussed does not apply. I think we're all playing ill today. Rivera has stated that the third option does not apply when the conduct is merely incidental. The conduct here is not incidental to the one, to the burglary. They are, he was found with these items that were then connected to a later found burglary. That we are, again, insisting my client is innocent of as the evidence shows. And actually in the investigation as it started, they were suspicious of theft from the very beginning, weren't they? It's only after they did some investigation around the area because of what hour this is, 2, 3 o'clock in the morning? It is pretty dark around there. Okay. So it's getting light, but it's still pretty dark around there. They weren't aware of a burglary yet, were they? No, they were not. And again, I'd just like to then go back to why the reasoning in Burris, which is also repeated in Hamilton, is the proper way to approach this. In Hamilton, again, they stated that the purpose of the instruction on the lesser included offense is to offer the jury that important third option. That's simply something that is necessary here to give the jury the option and the opportunity to make the correct determination. Are there any other questions? Thank you, Your Honors. And again, we ask that this be remanded into burst. Thank you. Thank you, Counsel, for your arguments this morning. We will take the matter under advisement. We will consult with Justice Hudson, issue a decision in due course, and now we will stand and recess to prepare for our next oral argument. Thank you.